# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7107 | **DATE** | 7/6/2000 |
| **CASE TITLE** | Ernest H. Reich, III vs. Officer Hanrahan et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION: Defendants Officer Michael Hanrahan and Village of Bartlett's motion for summary judgment is denied. [6-1]

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 07 2000 | | |
| | Docketing to mail notices. | | date docketed | | **14** |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 7/6/2000 | | |
| | | | date mailed notice | | |
| AMM | courtroom deputy's initials | | AMM | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ERNEST H. REICH, III | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  99 C 7107 |
| | ) | |
| OFFICER HANRAHAN | ) | |
| (badge #33), Individually; | ) | |
| VILLAGE OF BARTLETT, | ) | |
| a Municipal Corporation; | ) | |
| OFFICER ERIC MCDOUNOUGH | ) | |
| (badge #017),Individually; | ) | |
| VILLAGE OF WHEATON, | ) | |
| a Municipal Corporation; | ) | |
| and DEBORAH VACA, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

*DOCKETED*
*JUL 07 2000*

### MEMORANDUM OPINION

Before the court is the motion of defendant Officer Michael Hanrahan ("Hanrahan") and defendant Village of Bartlett for summary judgment.  For the reasons explained below, defendants' motion is denied.

### BACKGROUND

At the time of the events at issue in this case defendant Michael Hanrahan ("Hanrahan") was a police officer employed by

14

defendant Village of Bartlett. Defendant Eric McDounough ("McDounough") was an officer for defendant City of Wheaton. Defendant Deborah Vaca ("Vaca") was a resident of Bartlett, Illinois, and plaintiff Ernest H. Reich, III ("Reich"), her ex-husband, resided in Berwyn, Illinois.

Reich and Vaca were divorced in 1996. On March 19, 1998, Ms. Vaca, who resumed the use of her maiden name after the divorce, petitioned for and received an Order of Protection (the "Protective Order") entered against her ex-husband by the Circuit Court of DuPage County. The Protective Order was to be in effect for two years, and it contained three provisions. According to ¶ 1 of the Protective Order, Reich was prohibited from committing the following: "harassment, interference with personal liberty, physical abuse, intimidation of a dependent, willful deprivation, neglect or exploitation . . . or stalking . . . ." Paragraph 3 ordered Reich to stay away from Petitioner and her residence, except to pick up the minor children for visitation. Finally, ¶ 17 stated that Respondent was "further ordered/enjoined as follows: No phone or personal contact w/ petitioner except as provided in judgment of dissolution. Respondent to only stay on drive way for pickup or drop off - no other standing, stopping, or verbal exchange." See Plaintiff's Exhibit A, Defendants' Exhibit D.

On April 7, 1998 Vaca filed Complaint No. 98 DV 591 with the Village of Bartlett.[1/] Vaca alleged that Reich contacted her by phone to change the location where he would pick up the children for visitation.[2/] In response to this complaint, Hanrahan arrested Reich pursuant to 720 ILCS 5/12-30 for violating an order of protection. The statute provides in relevant part:

> (a)  A person commits violation of an order of protection if:
>    (1) He or she commits an act which was prohibited by a court or fails to commit an act which was ordered by a court in violation of:
>         (i)  a remedy in a valid order of protection authorized under paragraphs (1), (2), (3), (14) or (14.5) of subsection (b) of Section 214 of the Illinois Domestic Violence Act of 1986 . . .
>    . . . . . .
> (d)  Violation of an order of protection under subsection (a) of this Section is a Class A misdemeanor . . .

720 ILCS 5/12-30.  Thus violations of paragraphs (1), (2), (3), (14) or (14.5) of subsection (b) of Section 214 of the Illinois

---

[1/]This was Vaca's second complaint against Reich.  A day earlier, on April 6, 1998, Vaca swore to a first complaint (No. 98 DV 586) against Reich before the City of Wheaton, alleging that her ex-husband had knowingly made contact with her in the DuPage County courthouse, an act allegedly prohibited by the Protective Order.

[2/]It is unclear whether Vaca alleges that Reich called her at her residence to change the meeting place, see Memorandum of Law In Support of Defendants' Hanrahan and Village of Bartlett's Motion for Summary Judgment ("Defendants' Memorandum"), at 2, or whether one of the children called Reich and Reich then asked the child to put Vaca on the phone.  See Plaintiff's Exhibit B (The Incident/Offense Report), which defendants acknowledge as accurate in Defendants' Response to Plaintiff's Rule 56.1(b) Statement of Uncontested Facts, at ¶ 7.

Domestic Violence Act carry misdemeanor penalties. See 725 ILCS
5/112A-14. Defendants argue that Hanrahan reasonably believed that
Reich had violated paragraphs (1) and (3) of Section 214. These
paragraphs provide:

> (1)  Prohibition of abuse.  Prohibit respondent's
> harassment, interference with personal liberty,
> intimidation of a dependent, physical abuse or willful
> deprivation, as defined in this Article, if such abuse
> has occurred or otherwise appears likely to occur if not
> prohibited.
>
> . . . . . .
>
> (3)  Stay away order and additional prohibitions.  Order
> respondent to stay away from petitioner or any other
> person protected by the order of protection, or prohibit
> respondent from entering or remaining present at
> petitioner's school, place of employment, or other
> specified places at times when petitioner is present, or
> both, if reasonable, given the balance of hardships. . .

See 725 ILCS 5/112A-14(b), paragraphs (1) and (3).[3/]

Reich claims that he did not violate either provision of the
Illinois Domestic Violence Act. In fact, Reich denies that he ever
spoke with Vaca, but he argues that even if he did have telephone
contact with her, such contact would only constitute a "violation"
of ¶ 17 of the Protective Order, which does not carry a misdemeanor
penalty.

---

[3/]See also Plaintiff's Exhibit A, Defendants' Exhibit D.  The paragraph structure
of the Protective Order is similar to that set out in the statute, as is the
language set forth on the first page describing which violations constitute class
A misdemeanors.  Thus ¶ 1 of the Protective Order corresponds to ¶ 1 of
subsection (b), as does ¶ 3.

On October 29, 1998 Reich appeared in the Circuit Court of
DuPage County on the complaints filed against him in both Wheaton
and Bartlett. At the close of the prosecution's case, which
included the testimony of Vaca and Officer Eric McDounough (the
officer who took Vaca's first complaint), defendant moved for a
directed verdict pursuant to 735 ILCS 5/2-1110. See Plaintiff's
Exhibit D, at 63. Defense counsel argued that ¶ 17 of the
Protective Order could not be enforced with criminal penalties and
that strict liability could not be imposed on Reich simply for
contacting Vaca, which is all either complaint alleged. See id., at
63-64. In response, the State argued that both incidents were
also violations of ¶ 3 of the Protective Order (the "stay away"
provision). Judge Hird Mitton granted Reich's motion on both
counts, see id., at 71-72, and she also agreed that ¶ 17 is not
enforceable by way of criminal penalties.[1] See id., at 70. In
October 1999, Reich filed this suit against Officers Hanrahan and
McDounough, individually; the Village of Bartlett; the City of
Wheaton; and Deborah Vaca. Reich alleges § 1983 claims for false

---

[1]/Defendants' Memorandum states with respect to this incident: "Eventually, the
State of Illinois was forced to drop proceedings against Mr. Reich, for whatever
reason, as Ms. Vaca no longer wished to cooperate in the prosecution. The case
was then dismissed in October of 1998." Defendants' Memorandum, at 2. This does
not appear to be an accurate summary of the October 29, 1998 proceeding, given
the transcript. See Plaintiff's Exhibit D.

arrest and conspiracy, and common law claims for malicious prosecution and vicarious liability on the part of Bartlett and Wheaton.[5/] Defendants Hanrahan and Bartlett have moved for summary judgment, raising the defense of qualified immunity and asserting that there is no vicarious liability on the part of the Village of Bartlett. This motion is before us now.

## DISCUSSION

### I. Qualified Immunity

We stated in <u>Cooper v. Harris</u>, 98 C 1624, 1999 WL 261742, at *2 (N.D. Ill. April 13, 1999)(Grady, J.) that

> [t]he doctrine of qualified immunity is available to police officers who are sued for false arrest under § 1983. <u>Pierson v. Ray</u>, 386 U.S. 547, 557 (1967). Qualified immunity shields defendant officers from liability in a particular case where their conduct: (1) did not violate any clearly established rights and (2) was objectively reasonable. <u>Biddle v. Martin</u>, 1992 F.2d 673, 675 (7th Cir. 1993). As for the first prong, the law has clearly established a right to be free from arrest without probable cause. <u>Id.</u> at 675; <u>see also</u> <u>Mally v. Briggs</u>, 475 U.S. 335, 340-45 (1986).

Turning to the second prong, the determination of whether Hanrahan acted reasonably, we must consider whether he had probable cause to

---

[5/]Plaintiff implies that his malicious prosecution count and his vicarious liability count are common law tort claims. While the Complaint is somewhat ambiguous, we assume that because plaintiff invokes this court's supplemental jurisdiction "for the state law claims" and because he does not designate Count II ("Malicious Prosecution") or Count IV ("Vicarious Liability") as brought pursuant to § 1983 as he does Count I ("Section 1983 - False Arrest") and Count III ("Section 1983 - Conspiracy"), that these designations and/or omissions are intentional. <u>See</u> Complaint, at 2, 3, 4, 6, 7.

arrest Reich when he did so on April 8, 1998. See, e.g., Spiegel v. Cortese, 196 F.3d 717, 723 (7th Cir. 2000). In fact, the existence of probable cause is an absolute bar to a § 1983 claim for malicious prosecution and false arrest. Fernandez v. Perez, 937 F.2d 368, 371 (7th Cir. 1991). But even if probable cause did not exist, Hanrahan would still be immune from suit unless 'it is obvious that no reasonably competent officer' would have believed that there was cause to arrest." See Spiegel, 196 F.3d at 723 (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Probable cause is "a commonsense determination, measured under a reasonableness standard." Tangwall v. Stuckey, 135 F.3d 510, 519 (7th Cir. 1998). It exists when "the facts and circumstances within the police officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." United States v. Osborn, 120 F.3d 59, 62 (7th Cir. 1997); see also Qian v. Kautz, 168 F.3d 949, 953 (7th Cir. 1999). Probable cause does not require that the arrested person actually be guilty of an offense. See Hughes v. Meyer, 880 F.2d 967, 969 (7th Cir. 1989).

Whether or not Vaca presented enough information to Hanrahan to establish probable cause to believe Reich had violated ¶ 1 or ¶

3 of the protective order is a question of fact. Defendants do not

provide evidence of what Vaca told the investigating officers.

They do allege in their 12(m) Statement of Uncontested Facts, at ¶

10, that "[a]t the time Officer Hanrahan arrested Ernest Reich, he

believed his actions to be necessary to enforce said protective

order and protect the life and safety of Ms. Deborah Vaca."[6/] But

this is simply argument, not evidence. Defendants also include in

their motion papers a copy of the Complaint and of the Order of

Protection, and basically argue that under several provisions of

the Code,[7/] Reich's phone contact did constitute a violation of the

_____

[6/]Defendants suggest that Vaca's statement during the October 29, 1998 proceeding that she was "frightened" by Reich's request indicates "harassment and intimidation employed by Reich." See Defendants' Reply, at 4. Vaca's statement, however, occurred well after Hanrahan had been required to make a probable cause/reasonableness determination, and thus is not relevant to that determination. See Plaintiff's Response, Exhibit D, at 19; see also Spiegel,196 F.3d at 723 (citing Hebron v. Touhy, 18 f. 3d 421, 423 (7th Cir. 1994)(stating that probable cause turns on information known at the time of the arrest)).

[7/]These provisions are set forth in greater detail at 3-4, herein. In addition, defendants make two other legal arguments, both of which we reject. First, defendants try to invoke 720 ILCS 5/12-30(a)(ii), which holds that a person commits a violation of a protection order if he or she commits an act that is in violation of "a remedy that is substantially similar to the remedies authorized under paragraphs (1), (2), (3), (14), or (14.5) of subsection (b) of Section 214 . . ." See Defendants' Reply, at 5. Basically, defendants argue that Reich violated ¶ 17 of the Protective Order, and although Judge Hird Mitton stated that a violation of ¶ 17 could not carry a criminal penalty, defendants now argue that a ¶ 17 violation is substantially similar to a stay-away order. Since violation of a stay-away order, under 725 ILCS 5/112A (3), carries misdemeanor penalties, defendants argue that so too should a violation of ¶ 17. We do not agree. Paragraph 17 went further than a stay-away order, proscribing phone contact in addition to physical contact.

Second, defendants argue that Hanrahan should receive immunity under 750 ILCS 60/305 which provides limited law enforcement liability under the Illinois Domestic Violence Act of 1986. Section 60/305 states that
      [a]ny act of omission or commission by any law enforcement officer

Order of Protection because his actions were "clearly interfering with Ms. Vaca's personal liberty as his intent that day was to coerce Ms. Vaca into bringing her children to a new location in order for him to comply with his visitation with their children." See Defendants' Reply, at 3-4. The circuit court, however, has determined that Reich's actions did not violate ¶ 1 or ¶ 3, and we concur.

Defendants have not adduced facts that would allow us to conclude that probable cause existed or that Hanrahan reasonably believed he had probable cause to arrest Reich.[9] Accordingly, we deny defendants' motion for summary judgment on the issue of qualified immunity.

---

acting in good faith in rendering emergency assistance or otherwise enforcing this Act shall not impose civil liability upon the law enforcement officer or his or her supervisor or employer, unless the act is a result of willful or wanton misconduct.

In Calloway v. Kinkelaar, 659 N.E.2d 1322, 1329 (Ill. 1995), the Illinois Supreme Court held that § 305 limits the liability of law enforcement personnel to willful and wanton acts or omissions in enforcing the Act. Here, however, plaintiff alleges defendant violated his federal constitutional rights. 750 ILCS 60/305 does not affect an officer's liability under federal law.

[9] It is possible that discovery will reveal facts that would establish evidence of probable cause, or of Hanrahan's reasonable belief that probable cause existed. The Seventh Circuit has stated,

[W]here as in this case the only contested issue bearing on immunity is whether a reasonable officer would have thought the defendant had committed a crime, there is no question of law - at least in the sense of a question reserved for judges, for the jury is going to decide the same question.

Mahoney v. Kesery, 976 F. 2d 1054, at 1057 (7th Cir. 1992)(citations omitted).

## II.  Vicarious Liability

In Count IV of the Complaint, plaintiff asserts a claim of vicarious liability against the City of Bartlett.  While it is true that the doctrine of *respondeat superior* does not apply to constitutional tort actions brought under § 1983,  see Jones v. City of Chicago, 856 F. 2d 985, 992 (7th Cir. 1998), it appears that this count is brought under state law.  Accordingly, we also deny defendants' motion on the issue of vicarious liability.

### CONCLUSION

For the foregoing reasons, we deny defendants' motion for summary judgment on the issues of qualified immunity and vicarious liability.  A status hearing is set for July 19, 2000.

DATE:       July 6, 2000


ENTER:      _____
            John F. Grady, United States District Court Judge