Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7107 | **DATE** | June 19, 2001 |
| **CASE TITLE** | Reich v. Hanrahan, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendants Officer Hanrahan and the Village of Bartlett's second motion to dismiss [ ] is denied. A status hearing is set for July 1, at 9:30 a.m. The plaintiff failed to respond in any way to this motion for summary judgment. A failure of the plaintiff to appear at the status hearing will result in the case being dismissed for want of prosecution. ENTER MEMORANDUM OPINION.

(11)   x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices MAILED by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | JUN 2 5 2001 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | ED-7 FILED FOR DOCKETING | | |
| | KAM | 01 JUN 23 PM 3:18 | date mailed notice | |
| | | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials |

(Reserved for use by the Court)

00-7107.011

June 19, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERNEST H. REICH, III,           )
                                )
              Plaintiff,        )
                                )
         v.                     )   No. 99 C 7107
                                )
OFFICER HANRAHAN (badge #33),   )
Individually; VILLAGE OF BARTLETT, )
a Municipal Corporation; OFFICER )
ERIC MCDOUNOUGH (badge #017),   )
Individually; VILLAGE OF WHEATON, )
a Municipal Corporation; and    )
DEBORAH VACA, Individually,     )
                                )
              Defendants.       )

DOCKETED JUN 2 5 2001

## MEMORANDUM OPINION

Before the court is the second motion of defendants Officer Hanrahan and Village of Bartlett ("defendants") for summary judgment. For the reasons stated below, the defendants' motion is denied.

## BACKGROUND

The facts of this case were described in detail in our earlier opinion denying summary judgment, and are as follows:

> At the time of the events at issue in this case defendant Michael Hanrahan ("Hanrahan") was a police officer employed by defendant Village of Bartlett. Defendant Eric McDounough ("McDounough") was an officer for defendant City of Wheaton. Defendant Deborah Vaca ("Vaca") was a resident of Bartlett, Illinois, and plaintiff Ernest H. Reich, III ("Reich"), her ex-husband, resided in Berwyn, Illinois.

24

Reich and Vaca were divorced in 1996. On March 19, 1998, Ms. Vaca, who resumed the use of her maiden name after the divorce, petitioned for and received an Order of Protection (the "Protective Order") entered against her ex-husband by the Circuit Court of DuPage County. The Protective Order was to be in effect for two years, and it contained three provisions. According to ¶ 1 of the Protective Order, Reich was prohibited from committing the following: "harassment, interference with personal liberty, physical abuse, intimidation of a dependent, willful deprivation, neglect or exploitation . . . or stalking . . . ." Paragraph 3 ordered Reich to stay away from Petitioner and her residence, except to pick up the minor children for visitation. Finally, ¶ 17 stated that Respondent was "further ordered/enjoined as follows: No phone or personal contact w/ petitioner except as provided in judgment of dissolution. Respondent to only stay on drive way for pickup or drop off - no other standing, stopping, or verbal exchange." [Citations to evidence omitted.]

On April 7, 1998 Vaca filed Complaint No. 98 DV 591 with the Village of Bartlett.[1] Vaca alleged that Reich contacted her by phone to change the location where he would pick up the children for visitation. [Footnote omitted.] In response to this complaint, Hanrahan arrested Reich pursuant to 720 ILCS 5/12-30 for violating an order of protection. The statute provides in relevant part:

> (a) A person commits violation of an order of protection if:
> (1) He or she commits an act which was prohibited by a court or fails to commit an act which was ordered by a court in violation of:
> > (i) a remedy in a valid order of protection authorized under paragraphs (1), (2), (3), (14) or (14.5) of subsection (b) of Section 214 of the Illinois Domestic Violence Act of 1986 . . .
>
> . . . . .

---

[1] This was Vaca's second complaint against Reich. A day earlier, on April 6, 1998, Vaca swore to a first complaint (No. 98 DV 586) against Reich before the City of Wheaton, alleging that her ex-husband had knowingly made contact with her in the DuPage County courthouse, an act allegedly prohibited by the Protective Order.

> (d) Violation of an order of protection under subsection (a) of this Section is a Class A misdemeanor . . .

720 ILCS 5/12-30. Thus violations of paragraphs (1), (2), (3), (14) or (14.5) of subsection (b) of Section 214 of the Illinois Domestic Violence Act carry misdemeanor penalties. See 725 ILCS 5/112A-14. Defendants argue that Hanrahan reasonably believed that Reich had violated paragraphs (1) and (3) of Section 214. These paragraphs provide:

> (1) Prohibition of abuse. Prohibit respondent's harassment, interference with personal liberty, intimidation of a dependent, physical abuse or willful deprivation, as defined in this Article, if such abuse has occurred or otherwise appears likely to occur if not prohibited.
>
> . . . . .
>
> (3) Stay away order and additional prohibitions. Order respondent to stay away from petitioner or any other person protected by the order of protection, or prohibit respondent from entering or remaining present at petitioner's school, place of employment, or other specified places at times when petitioner is present, or both, if reasonable, given the balance of hardships. . .

See 725 ILCS 5/112A-14(b), paragraphs (1) and (3). Reich v. Hanrahan, No. 99 C 7107, 2000 WL 949468 at *1-2 (N.D. Ill. July 7, 2000).

At Reich's trial, Judge Hird Mitton of the Circuit Court of DuPage County stated that paragraph 17 of the Protective Order could not be enforced with criminal penalties. At the close of the prosecution's case, she directed a verdict in favor of Reich. Reich then filed this lawsuit against Officers Hanrahan and McDounough, individually; the Village of Bartlett; the City of Wheaton; and Deborah Vaca. Reich alleges § 1983 claims for false arrest and

conspiracy, and common law claims for malicious prosecution and vicarious liability on the part of the Village of Bartlett and the City of Wheaton.² At the request of the plaintiff, the Village of Wheaton and Eric McDounough were voluntarily dismissed from the case on December 20, 2000.

The defendants' second motion for summary judgment argues that even though Reich was acquitted, qualified immunity shields Officer Hanrahan from suit because he had probable cause to arrest Reich. There was probable cause because Officer Hanrahan was acting on Vaca's complaints of harassment. Moreover, the defendants point out that Reich, in contradiction to his earlier statement to this court, now admits that he had telephone contact with Vaca. Def.'s Ex. A, Deposition of Reich, pp. 71-72.

## ANALYSIS

In our prior opinion, we discussed the qualified immunity defense, stating that officers are shielded from liability where their conduct (1) did not violate any clearly established rights, and (2) was objectively reasonable. Reich, 2000 WL 949468 at *2 (citing cases). To determine whether Officer Hanrahan acted reasonably, we consider whether he had probable cause to arrest

---

2/ In our earlier opinion we noted that the plaintiff's malicious prosecution count and his vicarious liability count are apparently pled as common law tort claims. While the Complaint is somewhat ambiguous, we assume that because plaintiff invokes this court's supplemental jurisdiction "for the state law claims" and because he does not designate Count II ("Malicious Prosecution") or Count IV ("Vicarious Liability") as brought pursuant to § 1983 as he does Count I ("Section 1983 - False Arrest") and Count III ("Section 1983 - Conspiracy"), that these designations and/or omissions are intentional. See Complaint, at 2, 3, 4, 6, 7.

Reich. Id. at *3. The existence of probable cause is an absolute bar to a § 1983 claim for malicious prosecution or false arrest. Id. We denied summary judgment, noting that the defendants had not provided "evidence of what Vaca told the investigating officers." Id. at *3.

Here, the defendants do not correct this omission. They simply assert:

> Vaca filed a complaint with the Village of Barlett claiming that Reich had contacted her by phone and changed location where he could pick up the children for visitation. In response, Hanrahan arrested the plaintiff for violating the order of protection.

Defendant's Rule 56.1 Statement of Undisputed Facts, ¶ 4. In support of this assertion, they cite to Vaca's testimony at Reich's trial. However, we have reviewed the transcript and find no mention that Vaca made any complaint with the Village of Barlett, the police department, or Officer Hanrahan. Although the transcript records Vaca's testimony as to the incident with Reich, there is simply no mention of what Vaca told Officer Hanrahan about the telephone communication with Reich.

On the other hand, the plaintiff has failed to respond to the motion or the defendants' Rule 56.1(a)(3) statement of material facts.[3] According to Local Rule 56.1(b)(3)(B), "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the

---

[3] The plaintiff's response was due well over one month ago, on April 18, 2001. This is not the first time the plaintiff has been late in responding. He was two weeks late in responding to the defendants' original motion for summary judgment.

opposing party." Therefore, the factual assertions recited in the defendants rule 56.1 statement have been admitted. However, the only factual assertion in the defendant's Rule 56.1 statement that goes to what Vaca told Officer Hanrahan is paragraph 4, and this paragraph only states that Vaca complained to the Village of Barlett. It does not state whether Vaca spoke with Officer Hanrahan, whether she told him she felt threatened or harassed, or whether she disclosed that the telephone call was a violation of the order of protection. Apparently there is evidence that she did speak with Officer Hanrahan and that she showed him the order of protection,[4] but this evidence has not been presented by the defendants in either of their motions for summary judgment, so we do not consider it.

There is another problem with the defendants' motion for summary judgment. We agree with the proposition that "when an officer receives information from a third party whom the officer has reason to believe is telling the truth, the officer has probable cause." <u>Kelley v. Myler</u>, 149 F.3d 641, 647 (7th Cir.

---

[4] Vaca apparently filed a "Barlett Police Incident/Offense Report" with Officer Hanrahan on April 7, 1998. The report reads:
> On 4-7-98 I met with Deborah Vaca at BPD reference to her husband Ernest Reich not picking her kids up for visitation today as their valid Order of Protection says (In her driveway). Deborah said he instead went to Barlett P.D. and wanted kids brought to BPD. Ernest was informed that was not in the order and would not happen. At about 1800 hrs one of the children called Ernest on the cell phone to see where he was. He told her to put mom on the phone. When Deborah got the phone he told Deborah to take the girls to his sisters house. Deborah showed me the Order of Protection which states no phone contact with her.

The statement appears to have been signed by Officer Hanrahan. This exhibit was attached to Reich's response to the defendants' original motion for summary judgment.

1998). However, the problem for the defendants is that there is ordinarily nothing illegal about making a telephone call. This raises the question whether Officer Hanrahan reasonably believed that the telephone call was a criminal offense. It turned out that it was not, but that is not necessarily fatal to the defendants' qualified immunity defense. The existence of probable cause does not depend on the suspect being convicted of a crime. See id. (finding that the police officers had probable cause to arrest the § 1983 plaintiff even though she was not guilty of the charged offense). In addition, while officers are required to act reasonably, they are not required to have the expertise of legal scholars. See id. (stating that officers were not required to determine the location of a property line from official sources prior to arresting an individual for criminal trespass).

However, we cannot grant summary judgment on the bare assertion that "there was probable cause to believe an order of protection had been violated." Defendants' Brief, at 9. The question is whether Officer Hanrahan was reasonable in believing that the failure of Reich to comply with paragraph 17 of the order of protection was a criminal offense. Defendants have offered no evidence that Officer Hanrahan did have such a reasonable belief, let alone that there is no genuine dispute about the matter.

## **CONCLUSION**

It is time to set this case for trial. A status hearing is set for July 1, at 9:30 a.m. The plaintiff failed to respond in any way to this motion for summary judgment. A failure of the plaintiff to appear at the status hearing will result in the case being dismissed for want of prosecution.

Date:    June 19, 2001

ENTER:   *[signature: John F. Grady]*

John F. Grady, United States District Judge